OPINION
{¶ 1} Defendant-appellant, Lorraine T. Furtado, appeals from a judgment of the Franklin County Municipal Court overruling her motion for new trial and letting stand the previously entered judgment against defendant in favor of plaintiff-appellee, Calvary SPV I, LLC. Because the trial court properly overruled defendant's motion for new trial, and because defendant points to no reversible error in the trial court proceedings, we affirm.
 {¶ 2} By refiled complaint filed on October 16, 2003, plaintiff sought judgment against defendant in the amount of $4,136.02, plus interest, on a defaulted account. In response, defendant filed a motion for more definite statement; the trial court granted the motion. Plaintiff filed a "more definite statement" on March 25, 2004 and, according to the certificate attached, served defendant by ordinary mail on March 25, 2004. Attached to the filed document were a number of exhibits, including the account agreement between US Bank and defendant, as well as copies of account statements generated on the VISA card subject of plaintiff's action.
 {¶ 3} Although the case was set for trial on October 18, 2004, plaintiff sought both leave to file a motion for summary judgment, as well as a continuance of the trial date. The next day the court continued the trial to December 10, 2004. By motion filed December 7, 2004, defendant sought a continuance of the December trial date, stating she was scheduled for lumbar injections on that date and would be unavailable for trial. The trial court, by entry of December 13, 2004, overruled plaintiff's summary judgment motion and granted defendant's motion for a continuance, rescheduling the trial to January 25, 2005.
 {¶ 4} On the date scheduled for trial, plaintiff appeared with its witness; defendant failed to appear. After taking evidence, the trial court entered judgment for plaintiff in the amount of $4,136.02, with interest at 18.9 percent. Defendant responded on February 3, 2005, with a motion for a stay and motion for a new trial. After the parties fully briefed the motion for new trial, the trial court overruled the motion, allowing its original judgment to stand.
 {¶ 5} Defendant appeals, assigning the following errors:
ASSIGNMENT OF ERROR NO. 1
THE TRIAL COURT ABUSED ITS DISCRETION, COMMITTED REVERSIBLE ERROR, AND PREJUDICED DEFENDANT/APPELLANT WHEN IT DENIED DEFENDANT/APPELLANT'S MOTION FOR A NEW TRIAL UNDER CIV.R. (59).
ASSIGNMENT OF ERROR NO. 2
THE TRIAL COURT ABUSED ITS DISCRETION, COMMITTED PLAIN ERROR, AND PREJUDICED DEFENDANT/APPELLANT WHEN IT FAILED TO CONTINUE THE TRIAL DATE UNDER THE PREVAILING CIRCUMSTANCES.
ASSIGNMENT OF ERROR NO. 3
THE TRIAL COURT ACTED CONTRARY TO LAW, AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, AND PREJUDICED DEFENDANT/APPELLANT BY AWARDING PLAINTIFF/APPELLEE ". . . JUDGMENT AGAINST THE DEFENDANT LORRAINE T. FURTADO, IN THE AMOUNT OF $4,136.02, PLUS ACCRUED INTEREST IN THE AMOUNT OF $3,578.65 THROUGH 01/25/05, PLUS INTEREST AT THE CONTRACT RATE OF 18.90% PER ANNUM FROM 01/25/05 PURSUANT TO OHIO REVISED CODE [sec] 1343.03(A), AND THE COSTS OF THIS ACTION".
ASSIGNMENT OF ERROR NO. 4
THE TRIAL COURT ABUSED ITS DISCRETION, ACTED CONTRARY TO LAW AND PREJUDICED DEFENDANT/APPELLANT BY FAILING TO COMPLY WITH MUNI. LOC. R. 12.06, FILING OF ENTRIES, AS TO THE JUDGMENT ENTRY DATED JANUARY 15, 2005, AND WITH CIV. R. 58(B) REQUIRING DEFENDANT/APPELLANT BE PROVIDED WITH NOTICE OF THE COURT'S JANUARY 25, 2005, JUDGMENT ENTRY.
 {¶ 6} Defendant's first assignment of error asserts the trial court erred in denying her motion for a new trial under Civ.R. 59, which permits a new trial on specified grounds. The trial court's decision to deny defendant's motion for new trial "is entitled to deference to the extent that the trial court exercised judicial discretion in reaching its decision. However, to the extent that the trial court decision being challenged did not involve the exercise of discretion, but was based on a question of law, no deference is afforded." Wagner v. RocheLaboratories (1999), 85 Ohio St.3d 457, 460, citing Rohde v.Farmer (1970), 23 Ohio St.2d 82, paragraphs one and two of the syllabus.
 {¶ 7} Defendant's motion set forth five bases on which she claimed to be entitled to a new trial. Following plaintiff's memorandum contra, defendant filed a reply memorandum positing four additional bases in support of her motion for a new trial. None of the reasons defendant set forth warrants a new trial in this case.
 {¶ 8} The trial court's entry states defendant failed to appear for trial. In her motion for new trial, defendant first attempts to explain, albeit without the benefit of affidavits in support, her absence from trial. In her motion, defendant states she called the court at approximately 3:15 p.m. on the day before trial to advise that she would be unable to appear as a result of health issues. According to defendant, she informed the court that she was not able to drive and was using a walker because of spine problems. She further mentioned in her phone call that, because snow and ice had not been cleared from the sidewalks and the roadways at her residence, she was unwilling to risk leaving her home for fear of slipping and falling. Although she states she told the court she would be available for a telephone conference with the court on the trial date, she also states she received no telephone response.
 {¶ 9} While her motion does not specifically state that the trial court should have granted a continuance, the second assignment of error, closely related to the argument set forth in her motion for new trial, asserts the trial court abused its discretion and committed plain error to defendant's prejudice when it failed to continue the trial date under the circumstances noted in her motion for new trial.
 {¶ 10} In State v. Unger (1981), 67 Ohio St.2d 65, 67, the Ohio Supreme Court stated "[t]he grant or denial of a continuance is a matter which is entrusted to the broad, sound discretion of the trial judge. An appellate court must not reverse the denial of a continuance unless there has been an abuse of discretion." See State v. Adams (1980), 62 Ohio St.2d 151, 157 (noting "[t]he term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable"). In Unger, the Ohio Supreme Court further observed "[t]here are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." Id. at 67, quoting Ungar v. Sarafite (1964), 376 U.S. 575, 589.
 {¶ 11} In reviewing a trial court's exercise of discretion, an appellate court must weigh any potential prejudice to the defendant against a court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice. Unger, supra, at 67. When evaluating a motion for a continuance, "[a] court should note, inter alia: the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case." Id. at 67-68.
 {¶ 12} Several factors here support the trial court's proceeding with a trial despite defendant's telephone message. Initially, the trial court previously granted at least one request for a continuance on defendant's behalf arising out of defendant's health situation. Given the apparently continuing nature of defendant's spinal condition, defendant should have been aware long before January 24, 2005, the day before trial, that she would be unable to participate due to health problems. Moreover, if a sudden onset of difficulties precluded her attending trial, medical evidence to that effect, attached to her motion for new trial, would have been helpful to the trial court in persuading the trial court of the merits of defendant's contentions.
 {¶ 13} In addition, nothing in defendant's motion for new trial suggests the weather conditions were such that she could not arrange a ride with someone capable of safely transporting her to the courthouse. Had defendant shown that transportation in Columbus had become more than inconvenient due to weather conditions, her contention that her appearance at trial was virtually impossible would be more persuasive. Her motion, however, does not suggest such inclement weather; nor does it suggest the impossibility of securing transportation from some other source.
 {¶ 14} Lastly, defendant's attempt to secure through a telephone message her permission to be absent from trial is untenable. Were every litigant to assume defendant's posture in this case and attempt to rearrange the court's docket through telephone message, the municipal court would be unable to function. Moreover, the inconvenience to plaintiff in defendant's seeking a "last minute" delay is not insubstantial, especially since plaintiff brought in a representative from out of state for the trial.
 {¶ 15} In the final analysis, defendant never requested a continuance. The trial court did not abuse its discretion in not granting a continuance that was not requested. Similarly, it did not commit plain error in failing to perceive a motion for continuance in defendant's message to the court, if we may even rightly assume the trial court received the message never acknowledged on the record.
 {¶ 16} The third point in defendant's motion asserts she should have received a new trial because her response to plaintiff's summary judgment motion was sufficient to warrant the trial court's overruling plaintiff's request for summary judgment. In addressing plaintiff's motion for summary judgment, the trial court was required to construe the evidence in defendant's favor. At trial, however, the court was permitted to weigh the credibility of the witnesses and adjudge the matter accordingly. As a result, the fact the trial court overruled plaintiff's summary judgment motion does not suggest the trial court would have ruled in defendant's favor had she been at trial and presented the same evidence.
 {¶ 17} Defendant's fourth point in her motion for new trial notes that the case is a refiled case. Defendant asserts the trial court incorrectly charged her interest at the rate of 18.9 percent during the lapse of time when no case was pending. Closely tied to that argument is defendant's third assignment of error on appeal, contending the trial court's judgment is not supported by sufficient evidence, as the evidence lacks both a signed contract between plaintiff and defendant and justification for interest at the rate of 18.9 percent back to the "charge off" date.
 {¶ 18} In Bank One, Columbus, NA v. Palmer (1989),63 Ohio App.3d 491, 493, this court stated that "[c]redit card agreements are contracts whereby the issuance and use of a credit card creates a legally binding agreement." State Savings Bank v.Watts (Mar. 4, 1997), Franklin App. No. 96APG06-809. At trial, plaintiff presented the cardholder agreement between US Bank and defendant. Although that cardholder agreement does not bear defendant's signature, the bank's issuance of the card and defendant's use of the card create a binding contract. Plaintiff's evidence regarding the cardholder agreement, along with the account statements showing defendant's use of the issued card, is sufficient to demonstrate a prima facie case of defendant's liability for the amounts owing on the card.
 {¶ 19} While defendant challenges the rate of interest, the cardholder agreement specifically indicates that the rate of interest will fluctuate. Plaintiff presented evidence that the rate of interest on the unpaid amount was 18.9 percent, and nothing in the record suggests that rate is improperly calculated. Defendant, nonetheless, points to R.C. 1343.03(A) and contends that the rate of interest is excessive.
 {¶ 20} R.C. 1343.03(A) provides that, "when money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of * * * a contract or other transaction, the creditor is entitled to interest at the rate per annum determined pursuant to section 5703.47 of the Revised Code,unless a written contract provides a different rate of interestin relation to the money that becomes due and payable, in whichcase the creditor is entitled to interest at the rate provided inthat contract." (Emphasis added.) Here, as noted, the contract specifically provides for a fluctuating interest rate. Pursuant to R.C. 1343.03(A), plaintiff is entitled to judgment per the terms of its contract with defendant.
 {¶ 21} Defendant, however, insists that the trial court erred in awarding interest from the charge off date, or the date when defendant defaulted. According to defendant, plaintiff's delay in refiling its dismissed complaint is the cause for the accrued interest, and she therefore should not have to pay the interest arising out of plaintiff's own tardiness in refiling the lawsuit.
 {¶ 22} Defendant's contentions are unpersuasive. The money owed on the complaint was due and payable on the charge off date. From that date to the present, defendant has had the use of what should have been plaintiff's money. To compensate plaintiff fully, defendant not only must pay the amount of the charges incurred on the charge card, but plaintiff's loss of use of the money from the charge off date to the date of payment. RoyalElec. Constr. Corp. v. Ohio State Univ. (1995),73 Ohio St.3d 110, 117 (stating that interest is not to punish the party responsible for the damages, but to make whole the aggrieved party). The trial court did not abuse its discretion in beginning the calculation of interest at the date defendant defaulted on her obligations on the credit card. See Miller v. Lindsay-Green,Inc., Franklin App. No. 04AP-848, 2005-Ohio-6366.
 {¶ 23} Defendant further asserts that she was not served with the judgment entry pursuant to Civ.R. 58. Closely aligned to that contention is defendant's fourth assignment of error concerning service of the trial court's judgment. If the trial court failed to serve defendant with the judgment entry, the trial court erred. On this record, however, no prejudice is evident. Defendant obviously learned of the judgment entry in time to file a timely motion for new trial and a timely notice of appeal. As relevant to this case, the purpose of serving the judgment entry is to advise of the judgment and allow the parties to take appropriate action in response. Because defendant was able to do so, the failure to serve defendant with the judgment is not grounds for a new trial.
 {¶ 24} In her reply memorandum in support of her motion for new trial, defendant raised four additional points in support of her motion. Initially, defendant contended plaintiff did not notify her of the witnesses plaintiff expected to call at trial. On this record, we fail to see prejudice to defendant in light of not only defendant's failure to appear at trial, but also plaintiff's summary judgment motion: the motion presented virtually all the evidence plaintiff introduced at trial through its single witness.
 {¶ 25} Defendant's second point suggested plaintiff never complied with the trial court's order to provide a more definite statement. Contrary to defendant's contentions, the record indicates plaintiff filed its more definite statement and served defendant with a copy of it.
 {¶ 26} Thirdly, defendant contended plaintiff, without court approval, changed trial counsel. Even if plaintiff's change of trial counsel violated a local rule of the municipal court as defendant suggests, the record reveals no prejudice to defendant. Defendant does not contend she was confused in preparation for trial, in attempts to serve documents, or in general efforts to litigate in this matter.
 {¶ 27} Lastly, defendant contended plaintiff extended the litigation for almost three years. Defendant's argument appears to be related to the accrual of interest, already addressed. For the reasons previously noted, the argument is unpersuasive.
 {¶ 28} In light of our disposition of defendant's various arguments and assignments of error, the trial court did not err in overruling defendant's motion for new trial. Defendant's first assignment of error is overruled. Moreover, because defendant's second, third, and fourth assignments of error argue the same points raised in her motion for new trial, addressed and rejected in this opinion for the noted reasons, defendant's second, third, and fourth assignments of error are overruled.
 {¶ 29} Having overruled each of defendant's assigned errors, we affirm the judgment of the trial court.
Judgment affirmed.
Brown, P.J., and McGrath, J., concur.