[Cite as *Ohio Bd. of Motor Vehicle Repair v. Griffin*, 2017-Ohio-9129.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Ohio Board of Motor Vehicle Repair, | : | |
| Plaintiff-Appellee, | : | No. 17AP-58 |
| | | (C.P.C. No. 15CV-9470) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| [Michael Lance Griffin, | : | |
| Defendant-Appellant]. | : | |

D E C I S I O N

Rendered on December 19, 2017

**On brief**: *Michael DeWine*, Attorney General, *Tyler J. Herrmann*, and *Peter L. Jamison*, for appellee. **Argued**: *Tyler J. Herrmann*.

**On brief**: *Michael Lance Griffin*, pro se. **Argued**: *Michael Lance Griffin*.

APPEAL from the Franklin County Court of Common Pleas

BROWN, J.,

{¶ 1} Michael Lance Griffin, defendant-appellant, appeals from the judgment of the Franklin County Court of Common Pleas in which the court entered a judgment striking appellant's motion to vacate void judgment.

{¶ 2} On October 23, 2015, the Ohio Board of Motor Vehicle Repair ("board"), plaintiff-appellee, filed a complaint for statutory injunctive relief and declaratory judgment in the common pleas court against appellant, among others, who had been operating a car repair and window tinting business without registering it pursuant to R.C. Chapter 4775. On December 7, 2015, appellant, pro se, filed a motion to dismiss, which the trial court denied on January 15, 2016. On February 10, 2016, appellant filed another motion to dismiss, which the trial court struck as being redundant on May 2, 2016.

{¶ 3}   On July 29, 2016, the board filed a motion for summary judgment. Thereafter, appellant filed several requests for discovery. On September 2, 2016, the board filed a motion for stay of discovery pending the outcome of the motion for summary judgment.

{¶ 4}   On September 30, 2016, the trial court granted the board's motion for summary judgment and found the motion for stay of discovery moot.

{¶ 5}   On October 29, 2016, appellant filed a motion to set aside or vacate void order.

{¶ 6}   On October 30, 2016, appellant filed a notice of appeal.

{¶ 7}   On November 16, 2016, appellant filed a motion for summary judgment.

{¶ 8}   On November 22, 2016, the trial court issued a decision and entry. The trial court denied appellant's motion to vacate judgment and struck his motion for summary judgment.

{¶ 9}   On November 29, 2016, appellant filed a request for findings of fact and conclusions of law, as well as a request for mandatory judicial notice. On December 8, 2016, the court struck the request for judicial notice and found his request for findings of fact and conclusions of law moot.

{¶ 10} On December 15, 2016, appellant filed two notices of appeal with respect to the November 22 and December 8, 2016 judgments. Subsequently, this court consolidated the three pending appeals. This court recently found in *Ohio Bd. of Motor Vehicle Repair v. Tintmasters Internatl., LLC*, 10th Dist. No. 16AP-749, 2017-Ohio-8002 ("*Tintmasters*"), that none of the appealed judgments constituted a final appealable order; thus, this court lacked jurisdiction and we dismissed the appeals.

{¶ 11} On January 16, 2017, appellant filed another motion to vacate the September 30, 2016 judgment that granted the board's motion for summary judgment. This is the only motion before us in the present appeal. On January 17, 2017, the trial court struck the motion, finding it lacked jurisdiction because it was divested of jurisdiction on appellant's filing of his notice of appeal.  Appellant appeals the January 17, 2017 judgment of the trial court, asserting the following assignments of error:

> [I.]  The Trial Court erred in granting summary judgment for plaintiff-appellee, Ohio Board of Motor Vehicle Repair using a law that qualifies as unconstitutional because it clearly has two subjects and violates the one subject rule.

> **[II.]** The Trial Court erred in striking Defendant[']s-
> Appellant's Motion to vacate void judgment filed January 16,
> 2017.

{¶ 12} Appellant argues in his first assignment of error the trial court erred when it granted the board's motion for summary judgment, as R.C. Chapter 4775 violates the one-subject rule. Appellant argues in his second assignment of error the trial court erred when it struck appellant's motion to vacate void judgment filed January 16, 2017.

{¶ 13} However, we cannot address either assignment of error for the same reasons outlined in our decision in *Tintmasters*. In *Tintmasters*, we found the September 30, 2016 judgment was not a final appealable order. We held that, although the trial court granted the board summary judgment, it failed to set forth any remedy because the September 30, 2016 judgment did not declare the parties' rights and obligations, enjoin the defendants from taking any action, or order the payment of past-due fees or fines. Thus, because the September 30, 2016 judgment did not expressly afford any relief, we found it was not a final appealable order.

{¶ 14} In addition, we explained in *Tintmasters* that, even if we construed the September 30, 2016 judgment to implicitly proclaim such relief, it had another problem: the complaint contained multiple claims, but the trial court failed to grant relief as to each claim. We found that if an action involves multiple claims, but the appealed order does not enter a judgment on all the claims, then the order must also satisfy Civ.R. 54(B) by including express language that "there is no just reason for delay." Unless the words "there is no just reason for delay" appear where multiple claims exist, the order is subject to modification and cannot be either final or appealable, and an appellate court may not review it. We then explained that the November 22 and December 8, 2016 judgments did not resolve the declaratory judgment claim because they did not declare the parties' rights and responsibilities under the law. Thus, lacking Civ.R. 54(B) language, the September 30, 2016 judgment would still not qualify as a final appealable order because the trial court did not grant relief as to each claim in the complaint.

{¶ 15} We then addressed in *Tintmaster* whether the November 22, 2016 judgment denying appellant's first motion to vacate was a final appealable order. We found that when a judgment under challenge by a motion to vacate is not a final

appealable order, the subsequent judgment denying the motion to vacate is not a final appealable order either. Thus, because the trial court's September 30, 2016 judgment did not constitute a final appealable order, the November 22, 2016 judgment refusing to vacate that judgment, likewise, did not constitute a final appealable order.

{¶ 16} The same analysis we used in *Tintmaster* applies to the present appeal. The motion to vacate in the present appeal challenged the same September 30, 2016 judgment we found was not a final appealable order in *Tintmaster*. Just as we held in *Tintmaster* that the November 22, 2016 judgment denying appellant's first motion to vacate could not be a final appealable order because the underlying September 30, 2016 judgment was not a final appealable order, the January 17, 2017 judgment at issue in the present appeal that denied appellant's second motion to vacate cannot not be a final appealable order because it challenges the same non-final, non-appealable September 30, 2016 judgment. Therefore, because the judgment appealed in the present case does not constitute a final appealable order, we lack jurisdiction over appellant's appeal. Consequently, we dismiss the appeal.

{¶ 17} However, we note that, even if the January 17, 2017 judgment appealed in the present case was a final appealable order, we agree with the trial court that it would not have had jurisdiction to address appellant's second motion to vacate. " '[O]nce an appeal is perfected, the trial court is divested of jurisdiction over matters that are inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment.' " *State ex rel. Electronic Classroom of Tomorrow v. Cuyahoga Cty. Court of Common Pleas*, 129 Ohio St.3d 30, 2011-Ohio-626, ¶ 13, quoting *State ex rel. Rock v. School Emps. Retirement Bd.*, 96 Ohio St.3d 206, 2002-Ohio-3957, ¶ 8. Thus, generally, the timely filing of a notice of appeal precludes a trial court from issuing further orders affecting matters at issue in the appeal. *Horvath v. Packo*, 6th Dist. No. L-11-1318, 2013-Ohio-56, ¶ 45; *see Electronic Classroom of Tomorrow* at ¶ 14 (holding trial court lacked the authority to enter final judgment on those claims implicated in the order challenged and issue raised in the appeal); *Whipps v. Ryan*, 10th Dist. No. 14AP-67, 2014-Ohio-5302, ¶ 42 (holding trial court lacked jurisdiction to entertain a motion that raised issues subject to determination by the appellate court in an earlier filed appeal).

{¶ 18} In the present case, appellant appealed the January 17, 2017 order denying his second motion to vacate the September 30, 2016 judgment granting the board's

motion for summary judgment. However, appellant had already perfected an appeal of the September 30, 2016 judgment; thus, the trial court lacked jurisdiction to take any action regarding the September 30, 2016 judgment because that judgment was within our jurisdiction on review. Furthermore, even though this court in *Tintmaster* eventually found that the September 30, 2016 judgment was not a final appealable order, the trial court was still divested of jurisdiction. An ultimate determination by a court of appeals that the appealed order is not a final appealable order does not retroactively sanction a trial court's action on appealed matters during the pendency of the appeal. *Electronic Classroom of Tomorrow* at ¶ 16. Thus, once a party perfects an appeal of a journalized order, the trial court loses jurisdiction over matters inconsistent with the reviewing court's consideration and determination of the appeal, regardless of whether the order appealed is actually a final appealable order. *Brannon v. Persons*, 2d Dist. No. 27266, 2016-Ohio-8591, ¶ 4.

{¶ 19} Accordingly, because the judgment appealed in the present case was not a final appealable order, we lack jurisdiction over the appeal and dismiss it.

*Appeal dismissed.*

BRUNNER, J., concurs.
SADLER, J., concurs in judgment only.

SADLER, J., concurring in judgment only.

{¶ 20} I concur with the determination of the majority that this appeal should be dismissed for lack of a final, appealable order. Consequently, I do not believe the merits of the appeal should be determined. Because the majority has otherwise proceeded and addressed the merits of the appeal, I concur in judgment only.

_____