[Cite as *Bur. of Motor Vehicle Repair v. Griffin*, 2018-Ohio-5101.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Ohio Bureau of Motor Vehicle Repair, | : | |
| Plaintiff-Appellee, | : | No. 17AP-773 and No. 17AP-810 |
| v. | : | (C.P.C. No. 15CV-9470) |
| Michael Lance Griffin et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellants. | : | |

---

D E C I S I O N

Rendered on December 18, 2018

---

**On brief**: *Michael DeWine*, Attorney General, *Peter L. Jamison*, *Tyler J. Herrmann*, and *Giles Allen* for appellee. **Argued**: *Giles Allen*.

**On brief**: *Michael Lance Griffin*, pro se. **Argued**: *Michael Lance Griffin*.

---

APPEALS from the Franklin County Court of Common Pleas

BROWN, P.J.

{¶ 1} Michael Lance Griffin; the Michael Lance Griffin Trust dba Tintmasters ("trust"); Tintmasters, LLC ("Tintmasters"); Mid City Collision; Cincinnati Custom & Collision Professionals, the Cincinnati Collision Center, and the Mike Griffin Tire & Body Shop, defendants-appellants, appeal from two judgments of the Franklin County Court of Common Pleas. In an October 2, 2017 judgment, the court: (1) enjoined appellants from conducting collision repair or window tint operations at any location unless and until they register with plaintiff-appellee, Ohio Board of Motor Vehicle Repair ("board"), (2) ordered appellants to pay $4,125 in back registration fees, and (3) ordered appellants to pay a $4,000 statutory fine. In a November 2, 2017 judgment, the court found it lacked

jurisdiction to address several of appellants' motions due to appellants' pending appeal of the October 2, 2017 judgment.

{¶ 2}   Appellants are engaged in automobile collision repair and window tinting. R.C. Chapter 4775 mandates motor vehicle collision repair operators and motor vehicle window tint operators register with the board. None of the appellants have ever registered with the board. On October 23, 2015, the board filed a complaint against Tintmasters and Griffin. The board later amended its complaint to include the trust as a defendant. In its amended complaint, the board asserted appellants' failure to register violates R.C. 4775.02(A) because each defendant is a motor vehicle collision repair operator or motor vehicle window tint operator.  The board, therefore, requested the trial court issue: (1) a declaratory judgment stating all appellants act as motor vehicle collision repair operators or motor vehicle window tint operators and must register with the board, (2) an injunction enjoining all appellants from committing any acts or practices that violate R.C. Chapter 4775, (3) an order requiring appellants pay fees for the years in which they operated while unregistered, totaling $4,125, and (4) an order requiring appellants pay a fine of $4,000.

{¶ 3}   On December 7, 2015, Griffin, pro se, filed a motion to dismiss, which the trial court denied on January 15, 2016. On February 10, 2016, appellants filed another motion to dismiss, which the trial court struck as being redundant on May 2, 2016.

{¶ 4}   On July 29, 2016, the board filed a motion for summary judgment, in which it argued there were no genuine issues of material fact remaining as to whether appellants were acting as motor vehicle repair operators and motor vehicle tint operators and were not registered with the board. Thereafter, appellants filed several requests for discovery. On September 2, 2016, the board filed a motion for stay of discovery pending the outcome of the motion for summary judgment.

{¶ 5}   On September 30, 2016, the trial court granted the board's motion for summary judgment.

{¶ 6}   On October 29, 2016, appellants filed a motion to set aside or vacate void order.

{¶ 7}   On October 30, 2016, appellants filed a notice of appeal.

{¶ 8}  On November 16, 2016, appellants filed a motion for summary judgment. On November 22, 2016, the trial court issued a decision and entry. The trial court denied appellants' motion to vacate judgment and struck his motion for summary judgment.

{¶ 9}  On November 29, 2016, appellants filed a request for findings of fact and conclusions of law, as well as a request for mandatory judicial notice. On December 8, 2016, the court struck the request for judicial notice and found the request for findings of fact and conclusions of law moot.

{¶ 10} On December 15, 2016, appellants filed two notices of appeal with respect to the November 22 and December 8, 2016 judgments, and this court consolidated the three pending appeals. In *Ohio Bd. of Motor Vehicle Repair v. Tintmasters Internatl., LLC*, 10th Dist. No. 16AP-749, 2017-Ohio-8002, we found that none of the appealed judgments constituted a final appealable order; thus, this court lacked jurisdiction, and we dismissed the appeals.

{¶ 11} On January 16, 2017, appellants filed another motion to vacate the September 30, 2016 judgment that granted the board's motion for summary judgment. On January 17, 2017, the trial court struck the motion, finding it lacked jurisdiction because it was divested of jurisdiction upon appellants' filing their notice of appeal. Appellants appealed the January 17, 2017 judgment of the trial court, but this court dismissed the appeal in *Ohio Bd. of Motor Vehicle Repair v. Griffin*, 10th Dist. No. 17AP-58, 2017-Ohio-9129, due to the lack of a final appealable order.

{¶ 12} On October 2, 2017, the trial court issued a judgment, in which the court amended its September 30, 2016 entry to: (1) enjoin appellants from conducting collision repair or window tint operations at any location unless and until they register with the board, (2) order appellants pay $4,125 in back registration fees, and (3) order appellants pay a $4,000 statutory fine. In a November 2, 2017 judgment, the court found it lacked jurisdiction to address several of appellants' motions filed after the October 2, 2017 judgment, due to appellants' pending appeals.

{¶ 13} Appellants appeal the judgments of the trial court, asserting the following assignments of error, which contain identical language but present different underlying arguments:

> [I.]  The Trial Court erred in granting summary judgment for plaintiff-appellee, Ohio Board of Motor Vehicle Repair.

> **[II.]  The Trial Court erred in granting summary judgment for plaintiff-appellee, Ohio Board of Motor Vehicle Repair.**

{¶ 14} Appellants argue in their first assignment of error the trial court erred when it granted the board's motion for summary judgment. Summary judgment is appropriate when the moving party demonstrates that: (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion when viewing the evidence most strongly in favor of the non-moving party, and that conclusion is adverse to the non-moving party. *Hudson v. Petrosurance, Inc.*, 127 Ohio St.3d 54, 2010-Ohio-4505, ¶ 29; *Sinnott v. Aqua-Chem, Inc.*, 116 Ohio St.3d 158, 2007-Ohio-5584, ¶ 29. Appellate review of a trial court's ruling on a motion for summary judgment is de novo. *Hudson* at ¶ 29. This means that an appellate court conducts an independent review, without deference to the trial court's determination. *Zurz v. 770 W. Broad AGA, LLC*, 192 Ohio App.3d 521, 2011-Ohio-832, ¶ 5 (10th Dist.); *White v. Westfall*, 183 Ohio App.3d 807, 2009-Ohio-4490, ¶ 6 (10th Dist.).

{¶ 15} When seeking summary judgment on grounds the non-moving party cannot prove its case, the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on an essential element of the non-moving party's claims. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). The moving party does not discharge this initial burden under Civ.R. 56 by simply making a conclusory allegation that the non-moving party has no evidence to prove its case. *Id.* Rather, the moving party must affirmatively demonstrate by affidavit or other evidence allowed by Civ.R. 56(C) that the non-moving party has no evidence to support its claims. *Id.* If the moving party meets its burden, then the non-moving party has a reciprocal burden to set forth specific facts showing that there is a genuine issue for trial. Civ.R. 56(E); *Dresher* at 293. If the non-moving party does not so respond, summary judgment, if appropriate, shall be entered against the non-moving party. *Id.*

{¶ 16} In their brief, appellants present the following "Issue Presented for Review and Argument," which contains the entirety of appellants' argument under the first assignment of error:

Where a person fails to establish a justiciable cause the Ohio Common Pleas Courts cannot invoke its own jurisdiction of the subject matter, and Ohio Board of Motor Vehicle Repair is not entitled to summary judgment because it lacked standing to sue, did not have a personal stake in the outcome of the case, and failed to prove any injuries that entitled it to relief due to the fact that Griffin was protected with the Grandfather clause stated below that does not allow the R.C. 4775 to preempt any established rights that he had prior to December 1997, which creates reasonable doubt and is a genuine issue that disqualified the Appellee-Plaintiff's right to a summary judgment.

{¶ 17} R.C. 4775.02 provides:

(A) No person shall act as a motor vehicle collision repair operator or motor vehicle window tint operator unless the person is registered in accordance with this chapter.

{¶ 18} R.C. 4775.01(D) provides:

"Motor vehicle collision repair operator" means any person, sole proprietorship, foreign or domestic partnership, limited liability corporation, or other legal entity that is not an employee or agent of a principal and performs five or more motor vehicle collision repairs in a calendar year

{¶ 19} R.C. 4775.01(E) provides:

"Motor vehicle window tint operator" means any person, sole proprietorship, foreign or domestic partnership, limited liability corporation, or other legal entity that is not an employee or agent of a principal and installs tinted glass, or transparent, nontransparent, translucent, and reflectorized material in or on five or more motor vehicle windshields, side windows, sidewings, and rear windows in a calendar year.

{¶ 20} R.C. 4775.11 contains an exemption to R.C. 4775.02 with regard to local laws:

It is the intent of the general assembly to preempt any local ordinance, resolution, or other law adopted or enacted after December 18, 1997, that is limited to the registration of persons engaged in business as motor vehicle repair operators in a manner corresponding to the provisions of this chapter. This chapter does not preempt any local law adopted or enacted prior to December 18, 1997, for motor vehicle

collision repair operators or the effective date of this amendment for motor vehicle window tint operators, or that may require registration or licensure as a component of imposing additional requirements on persons engaged in business as motor vehicle repair operators or technicians. Nor does it preempt the enforcement of any local law regulating motor vehicle repair operators or technicians, including building, zoning, health, safety, or other similar codes or laws.

{¶ 21} In the present case, appellants' vague argument seems to be that they were exempt from compliance with R.C. Chapter 4775 based on 4775.11. However, appellants fail to explain what "established rights" they had prior to December 18, 1997, and what local law exempts them from the registration requirements of R.C. Chapter 4775. Given appellants' complete failure to adequately argue their first assignment of error, we must overrule it. *See* App.R. 16(A)(7) (appellant must present an argument with respect to each assignment of error that includes the reasons in support of the contentions, with citations to authorities, statutes, and parts of the record).

{¶ 22} Appellants argue in their second assignment of error the trial court erred when it granted the board's motion for summary judgment. The entirety of appellant's argument is as follows:

Where a person fails to answer admissions it creates an automatic sanction and default, and Ohio Board of Motor Vehicle Repair is not entitled to summary judgment because it had a deadline of September 22, 2016 to answer admissions and failed to follow the Ohio Civil Rule 36 as required by law.

{¶ 23} As set forth above, on July 29, 2016, the board filed a motion for summary judgment. On the discovery deadline of August 12, 2016, appellants filed several requests for discovery, including interrogatories, requests for production of documents, and requests for admissions. On September 2, 2016, the board filed a motion for stay of discovery pending the outcome of the motion for summary judgment. On September 30, 2016, the trial court granted the board's motion for summary judgment and found the motion to stay was moot. On October 30, 2016, appellants filed a notice of appeal.

{¶ 24} Appellants argue the trial court should not have granted summary judgment because appellants failed to respond to their discovery requests. Initially, we point out the board filed a motion to stay discovery that remained pending until the court rendered

summary judgment; thus, appellants' assertion that the matters contained in the discovery requests should have been deemed admitted because the board failed to respond by the due date is unpersuasive. If the board were required to provide discovery during the pendency of their motion to stay discovery, their motion would have been rendered impotent.

{¶ 25} Notwithstanding, Civ.R. 56(F) provides the sole remedy for a party who must respond to a motion for summary judgment before it has completed adequate discovery. *Mootispaw v. Mohr*, 10th Dist. No. 15AP-885, 2016-Ohio-1246, ¶ 10; *Commons at Royal Landing, LLC v. Whitehall*, 10th Dist. No. 15AP-240, 2016-Ohio-362, ¶ 8. Pursuant to Civ.R. 56(F), a party may request the trial court defer ruling on the motion for summary judgment pending the completion of discovery. *Mootispaw* at ¶ 10; *Commons at Royal Landing* at ¶ 9. When a party fails to move for a Civ.R. 56(F) continuance, a trial court may grant summary judgment to the moving party even if discovery remains incomplete. *Mootispaw* at ¶ 10; *Commons at Royal Landing* at ¶ 11; *see also Grenga v. Youngstown State Univ.*, 10th Dist. No. 11AP-165, 2011-Ohio-5621, ¶ 22, citing *BMI Fed. Credit Union v. Burkitt*, 10th Dist. No. 09AP-1024, 2010-Ohio-3027, ¶ 17-18 (when a party does not file a Civ.R. 56(F) motion, it is not error for the trial court to rule on a motion for summary judgment where discovery is pending). Furthermore, the party that fails to move for a Civ.R. 56(F) continuance does not preserve his right to challenge the adequacy of discovery on appeal. *Mootispaw* at ¶ 10; *see also BMI Fed. Credit Union* at ¶ 17-18 (because appellant failed to file a Civ.R. 56(F) motion asking the trial court to delay ruling on appellee's motion for summary judgment pending completion of the outstanding discovery requests, appellant cannot argue on appeal that the trial court erred by ruling on the motion for summary judgment).

{¶ 26} In the present case, appellants did not move for a continuance to complete discovery, pursuant to Civ.R. 56(F), any time prior to the trial court's entry granting summary judgment. Even considering this court in *Tintmasters* found that the September 30, 2016 judgment was not a final appealable order and remanded the matter, appellants also failed to move for a continuance under Civ.R. 56(F) prior to the October 2, 2017 final judgment under review currently. Consequently, the trial court did not err in

granting the board summary judgment, even though appellants had not obtained the discovery they sought.   Appellants' second assignment of error is overruled.

{¶ 27} Accordingly, appellants' two assignments of error are overruled, and the judgments of the Franklin County Court of Common Pleas are affirmed.

*Judgments affirmed.*

SADLER and DORRIAN, JJ., concur.

_____