[Cite as *LVNV Funding, L.L.C. v. Ingram*, 2025-Ohio-442.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

LVNV Funding LLC,                          :

      Plaintiff-Appellee,               :              No. 24AP-128
                                                                   (M.C. No. 2022 CVF 007258)

v.                                         :

                                                                   (REGULAR CALENDAR)

Cedric Ingram,                             :

      Defendant-Appellant.              :

---

D E C I S I O N

Rendered on February 11, 2025

---

**On brief**: *Stenger & Stenger*, *P.C.*, *Anthony J. Huspaska*, and *David J. Hoff*, for appellee. **Argued**: *David J. Hoff*.

**On brief**: *Cedric Ingram*, pro se. **Argued**: *Cedric Ingram*.

---

APPEAL from the Franklin County Municipal Court

DORRIAN, J.

{¶ 1} Defendant-appellant, Cedric Ingram, appeals from a judgment of the Franklin County Municipal Court granting summary judgment in favor of plaintiff-appellee, LVNV Funding, LLC ("LVNV"). For the reasons that follow, we affirm.

**I. Facts and Procedural History**

{¶ 2} On March 15, 2022, LVNV filed a complaint against appellant alleging claims of non-payment on a credit card account and unjust enrichment. LVNV alleged appellant obtained a credit card from Credit One Bank, N.A. ("Credit One"), used the credit card for his benefit, and defaulted on his repayment obligation. LVNV alleged it was the assignee of appellant's account and entitled to recover the amount due. LVNV attached a credit card billing statement to the complaint as an exhibit.

{¶ 3} On May 16, 2023, appellant, pro se, filed a document alleging the lawsuit was "without merit" because LVNV had not produced "a contract between [appellant] and LVNV." The trial court construed appellant's May 16, 2023 filing as an appearance in the action, but not an answer to the complaint. On August 3, 2023, appellant filed an answer to the complaint. The trial court referred the case to mediation, but mediation proved unsuccessful.

{¶ 4} On November 20, 2023, appellant filed a motion asking LVNV to produce certain documents in discovery. LVNV responded to appellant's discovery request on December 13, 2023.

{¶ 5} On December 11, 2023, LVNV filed a motion for leave to file its motion for summary judgment. The trial court granted LVNV's motion for leave and LVNV filed its motion for summary judgment on December 14, 2023. LVNV supported its motion for summary judgment with the affidavit of its authorized representative, Jamie Lanham.

{¶ 6} On December 18, 2023, appellant filed a document titled "Defendants Response for Motion for Leave to File Motion for Summary Judgment Instanter," asking the court to grant him leave to file his motion for summary judgment. Although appellant stated a copy of his motion for summary judgment was attached to the motion for leave, appellant did not attach a motion for summary judgment, or any other evidence, to his motion for leave.

{¶ 7} On February 1, 2024, the trial court issued a judgment entry granting LVNV's motion for summary judgment. The court granted judgment in favor of LVNV in the amount of $1,090.79 with interest at the rate of 5 percent per annum from the date of judgment.

## II. Assignments of Error

{¶ 8} Appellant appeals, assigning the following three assignments of error for our review:

> [I.] THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DISMISSING APPELLANT'S ACTION.
>
> [II.] THE TRIAL COURT ERRED BY GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BECAUSE THE PLAINTIFF FAILED TO ESTABLISH A PRIMA FACIE CASE FOR AN ACTION UPON AN ACCOUNT

BASED ON CONTRACT AND THE TRIAL COURT'S DECISION SHOULD BE REVERSED.

[III.] THE TRIAL COURT ERRED BY GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BECAUSE THE JUDGMENT ENTRY FAILED TO ADDRESS GENUINE ISSUES OF MATERIAL FACT AND THE TRIAL COURT'S DECISION SHOULD BE REVERSED.

## III. Analysis

{¶ 9}   In his first assignment of error, appellant asserts the trial court abused its discretion by dismissing his action.  However, LVNV filed the action in the trial court against appellant.  Appellant did not file a counterclaim, crossclaim, third-party claim, or otherwise file an "action" in the present suit.  Accordingly, because appellant did not file an action, the court did not dismiss appellant's action.  As such, we overrule appellant's first assignment of error.

{¶ 10}  In his second and third assignments of error, appellant asserts the trial court erred by granting LVNV's motion for summary judgment.  As such, we address these assignments of error jointly.  Appellant contends the trial court erred because: (1) LVNV failed to establish a prima facie case for an action on an account, and (2) the trial court failed to address whether there were genuine issues of material fact for trial.

{¶ 11}  An appellate court reviews a grant of summary judgment under a de novo standard.  *Capella III*, *L.L.C. v. Wilcox*, 2010-Ohio-4746, ¶ 16 (10th Dist.), citing *Andersen v. Highland House Co.*, 93 Ohio St.3d 547, 548 (2001).  "[D]e novo appellate review means that the court of appeals independently reviews the record and affords no deference to the trial court's decision." (Internal quotations and citations omitted.)  *Holt v. State*, 2010-Ohio-6529, ¶ 9 (10th Dist.).  Summary judgment is appropriate only when the moving party demonstrates: (1) no genuine issue of material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made.  Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997).

{¶ 12} Pursuant to Civ.R. 56(C), the moving party bears the initial burden of informing the trial court of the basis for the motion and of identifying those portions of the

record demonstrating the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). If the moving party fails to satisfy its initial burden, the court must deny the motion for summary judgment. *Id.* If the moving party satisfies its initial burden, summary judgment is appropriate unless the non-moving party responds, by affidavit or otherwise as provided under Civ.R. 56, with specific facts demonstrating a genuine issue exists for trial. *Id.*; *Hall v. Ohio State Univ. College of Humanities*, 2012-Ohio-5036, ¶ 12 (10th Dist.), citing *Henkle v. Henkle*, 75 Ohio App.3d 732, 735 (12th Dist. 1991). Because summary judgment is a procedural device used to terminate litigation, it must be awarded with caution and all doubts must be resolved in favor of the non-moving party. *Davis v. Loopco Industries, Inc.*, 66 Ohio St.3d 64, 66 (1993), citing *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-59 (1992).

{¶ 13} Appellant initially asserts the trial court erred by granting LVNV's motion for summary judgment "with no hearing." (Appellant's Brief at 6.) However, "there is no requirement for an oral hearing on motions for summary judgment." *Huntington Natl. Bank v. Ross*, 130 Ohio App.3d 687, 696 (10th Dist. 1998). *Accord Stover v. Wallace*, 1996 Ohio App. LEXIS 546, *12 (10th Dist. Feb. 15, 1996) (stating that "Civ.R. 56(C) does not require an oral hearing on every motion for summary judgment"); *Marino v. Oriana House, Inc.*, 2007-Ohio-1823, ¶ 12 (9th Dist.). Thus, the court did not err by failing to hold a hearing on LVNV's motion for summary judgment.

{¶ 14} Appellant further asserts the trial court erred by granting LVNV's motion for summary judgment without "wait[ing] until the discovery was completed to ensure a fair Trial." (Appellant's Brief at 6.) LVNV responded to appellant's request for production of documents on December 13, 2023, stating that it provided appellant with monthly credit card statements, chain of title documents, the credit card agreement, and the demand letter. Appellant did not file a motion to compel discovery or otherwise indicate LVNV's discovery response was insufficient. Thus, the record demonstrates LVNV responded to appellant's discovery request.

{¶ 15} To the extent appellant contends the trial court should have postponed ruling on the motion for summary judgment until the parties conducted additional discovery, we note appellant never filed a Civ.R. 56(F) motion for continuance. Civ.R. 56(F) permits a party to "request that the trial court defer ruling on the motion for summary judgment

pending the completion of discovery." *Mootispaw v. Mohr*, 2016-Ohio-1246, ¶ 10 (10th Dist.), citing *Moore v. Kroger Co.*, 2010-Ohio-5721, ¶ 23 (10th Dist.). "Civ.R. 56(F) provides the sole remedy for a party who must respond to a motion for summary judgment before it has completed adequate discovery." *Ohio Bur. of Motor Vehicle Repair v. Griffin*, 2018-Ohio-5101, ¶ 25 (10th Dist.), citing *Mootispaw* at ¶ 10. When a party fails to move for a Civ.R. 56(F) continuance, a trial court may grant summary judgment to the moving party even if discovery remains incomplete. *Mootispaw* at ¶ 10. Additionally, the party that fails to move for a Civ.R. 56(F) continuance does not preserve their right to challenge the adequacy of discovery on appeal. *Griffin* at ¶ 25; *Hernandez v. Ohio Dept. of Rehab. & Corr.*, 2017-Ohio-8646, ¶ 17 (10th Dist.). Accordingly, even if discovery was incomplete, the trial court did not err by ruling on LVNV's motion for summary judgment in the present case.

{¶ 16} Appellant contends LVNV failed to "attach all original contracts and accounting . . . according to Civ.R. 10(D)(1)." (Appellant's Brief at 7-8.) Civ.R. 10(D)(1) provides that, when a claim or defense is founded on an account or other written instrument, "a copy of the account or written instrument must be attached to the pleading. If the account or written instrument is not attached, the reason for the omission must be stated in the pleading." LVNV attached a credit card billing statement from the period of March 11 to April 10, 2020 to the complaint.[1]

{¶ 17} However, appellant never moved for a more definite statement pursuant to Civ.R. 12(E). "Failure to comply with Civ.R. 10(D) . . . does not require dismissal of the complaint[;]" rather, " '[c]ourts have repeatedly held that when a plaintiff fails to attach a copy of a written instrument to his complaint, the proper method to challenge such failure is by filing a Civ.R. 12(E) motion for a more definite statement.' " *Ohio Receivables, L.L.C.*

---

[1] The billing statement attached to the complaint identified appellant's name, address, the last four digits of the account (9778), a beginning balance of $1,026.85, an annual percentage rate of interest of 23.90 percent, the amount of fees and interest incurred during the month, and an ending balance of $1,090.79. Such information may be sufficient to comply with Civ.R. 10(D)(1). *See Harvest Credit Mgt. VII v. Ryan*, 2010-Ohio-5260, ¶ 8-9 (10th Dist.) (finding the trial court properly rejected the appellant's Civ.R. 10(D)(1) argument because the appellee attached a document to the complaint "entitled 'last statement details' " which referenced: (1) appellant's name; (2) the last four digits of appellant's social security number; (3) the last four digits of the account number; (4) the date the account was opened; (5) the date of last payment; (6) the balance due; and (7) the applicable rate of interest); *Citibank v. Eckmeyer*, 2009-Ohio-2435, ¶ 2, 19-21 (11th Dist.) (finding a "copy of a [credit card] statement demonstrating Eckmeyer's name, his account number, the current balance, and interest rate" satisfied Civ.R. 10(D)(1), because it provided the appellant with "adequate information to put him on notice and to allow him to file a proper responsive pleading").

*v. Dallariva*, 2012-Ohio-3165, ¶ 35, quoting *Castle Hill Holdings, L.L.C. v. Al Hut, Inc.*, 2006-Ohio-1353, ¶ 26 (8th Dist.). Thus, "regardless of whether plaintiff complied with Civ.R. 10(D)(1) by attaching a copy of the account to its complaint, this court has held that a defendant's failure to file a motion for a more definite statement under Civ.R. 12(E) waives any objections regarding Civ.R. 10(D)(1)." *LVNV Funding, L.L.C. v. Tanevski*, 2014-Ohio-1741, ¶ 10 (10th Dist.) *Accord Dallariva* at ¶ 36; *Midland Funding L.L.C. v. Biehl*, 2013-Ohio-4150, ¶ 17 (5th Dist.). Accordingly, appellant waived any objection regarding Civ.R. 10(D)(1) by failing to file a Civ.R. 12(E) motion.

{¶ 18} "Pursuant to Ohio law, credit card agreements are contracts in which issuing and using a credit card create a legally binding agreement." *Dallariva* at ¶ 14, citing *Bank One, Columbus, N.A. v. Palmer*, 63 Ohio App.3d 491, 493 (10th Dist. 1989). "In general, '[a]n action on an account is appropriate where the parties have conducted a series of transactions for which a balance remains to be paid.' " *Citibank, N.A. v. Hyslop*, 2014-Ohio-844, ¶ 9 (10th Dist.), quoting *Dept. Stores Natl. Bank v. McGee*, 2013-Ohio-894, ¶ 16 (7th Dist.). "Actions seeking to collect on a credit card balance constitute actions " 'on an account." ' " *Id.*, quoting *Dept. Stores Natl. Bank*, quoting *Capital One Bank v. Toney*, 2007-Ohio-1571, ¶ 34 (7th Dist.).

{¶ 19} To establish a prima facie case for money owed on an account, a plaintiff must demonstrate the " 'existence of an account, including that the account is in the name of the party charged.' " *Hyslop* at ¶ 10, quoting *McGee* at ¶ 16. The plaintiff must also establish: (1) a beginning balance of zero, or a sum that can qualify as an account stated, or some other provable sum; (2) listed items, dated and identifiable by number or otherwise, representing charges, or debits, and credits; and (3) summarization by means of a running or developing balance, or an arrangement of a beginning balance and items that permit the calculation of the amount claimed to be due. *Id.*, citing *McGee* at ¶ 16. *Accord Asset Acceptance Corp. v. Proctor*, 2004-Ohio-623, ¶ 12 (4th Dist.), citing *Brown v. Columbus Stamping & Mfg. Co.*, 9 Ohio App.2d 123, 126 (10th Dist. 1967). "To constitute an account 'it is not necessary that every transaction that has transpired between the parties be included during the entire existence of their business relationship.' " *Dallariva* at ¶ 30, quoting *Wolf Automotive v. Rally Auto Parts, Inc.*, 95 Ohio App.3d 130, 134 (10th Dist. 1994). *See Am. Express Travel Related Servs. v. Silverman*, 2006-Ohio-6374, ¶ 9-10 (10th Dist.) (finding four years of

credit card statements and copy of the cardmember agreement sufficient to establish an account, as requiring American Express to produce 30 years of credit card statements constituted "an unreasonable burden").

{¶ 20} In their affidavit, the LVNV representative averred they had "personal knowledge" of LVNV's creation and maintenance of its business records. (Lanham Aff. at ¶ 1.) The representative stated that the records attached to the affidavit were "regularly and contemporaneously kept and maintained in the regular and normal course of [LVNV's] business." (Lanham Aff. at ¶ 1.) The representative noted LVNV's business consisted of "regularly acquir[ing] . . . credit lines or obligations," the records provided to LVNV "at the time of acquisition are represented to include information provided by the original creditor and/or its successors-in-interest," and that the acquired records had been "integrated into the regular business records of [LVNV] and relied upon by [LVNV]." (Lanham Aff. at ¶ 2.) *See* Evid.R. 803(6) (stating the business records exception to the hearsay rule); *Dallariva*, 2012-Ohio-3165, at ¶ 26-27; *LVNV Funding, L.L.C. v. Altahtamoni*, 2024-Ohio-2082, ¶ 46 (10th Dist.). The LVNV representative incorporated by reference into their affidavit two years of credit card statements, the credit card agreement, and documents pertaining to the chain of title. *See Hart v. Columbus Dispatch*, 2002-Ohio-6963, ¶ 18 (10th Dist.), quoting *Buzzard v. Pub. Emp. Retirement Sys. of Ohio*, 139 Ohio App.3d 632, 636 (10th Dist. 2000) (noting that documents not expressly identified in Civ.R. 56(C) " 'may be introduced as proper evidentiary material if incorporated by reference in a properly framed affidavit' ").

{¶ 21} The monthly credit card statements attached to the affidavit reflect account activity from April 11, 2018 through April 10, 2020. Each statement identifies appellant's name, address, and last four digits of the account number (9778). The statements reflect purchases and payments made, as well as interests and fees incurred, during each monthly statement period. The balance on the initial statement was $439.27 and the balance on the final statement was $1,090.79. The statements reflect appellant's last payment toward the account occurred on November 6, 2019. Thus, the credit card statements established a beginning balance, a listing of charges and credits, a running balance, appellant's default on the account, and the final balance owing on the account. As such, the statements were sufficient to establish a prima facie case for money owed on an account. *See Hyslop*, 2014-

Ohio-844, at ¶ 16-17; *McGee* at ¶ 17, fn.1; *Citibank (South Dakota) N.A. v. Ogunduyile*, 2007-Ohio-5166, ¶ 12 (2d Dist.).

{¶ 22} The credit card agreement stated it was "[appellant's] contract" with "Credit One Bank." (Lanham Aff., Ex. C.) The agreement further stated appellant "accept[ed] this Agreement when [he] use[d] the Account" and that he agreed to "pay [Credit One] for all amounts due on [his] Account." (Lanham Aff., Ex. C.) The agreement directed appellant to contact Credit One within 60 days if he believed "an error appeared on [his] statement." (Lanham Aff., Ex. C.) The credit card statements demonstrate appellant used the credit card to make purchases and became subject to the terms of the credit card agreement. *See Calvary SPV I, L.L.C. v. Furtado*, 2005-Ohio-6884, ¶ 18 (10th Dist.).

{¶ 23} LVNV's representative explained LVNV acquired the rights and title to appellant's debt by purchase and assignment. The representative attached bills of sale to the affidavit demonstrating the following: an April 30, 2020 assignment of accounts and receivables from Credit One to MHC Receivables, LLC; a May 15, 2020 assignment of receivables from MHC Receivables, LLC to FNBM, LLC; a May 15, 2020 assignment of receivables from FNBM, LLC to Sherman Originator III, LLC; a May 15, 2020 assignment of accounts from MHC Receivables, LLC to Sherman Originator III, LLC; a May 15, 2020 assignment from Sherman Originator III, LLC to Sherman Originator, LLC of all receivables and assets Sherman Originator III, LLC acquired from MHC Receivables, LLC and FNBM, LLC; and a May 15, 2020 assignment from Sherman Originator, LLC to LVNV of all the receivables and assets Sherman Originator, LLC acquired from Sherman Originator III, LLC.

{¶ 24} Each bill of sale identified the account or receivable being transferred as those identified on the data file "CreditOne_Fresh_Sherman_052020." (Lanham Aff., Ex. B.) The data file included appellant's account and identified the following information pertaining to the account: (1) appellant's name, (2) appellant's address, (3) the last four digits of the account number (9778), (4) the date origin of the account, (5) the last date of payment on the account, (6) the last payment amount, (7) the charge off date, and (8) the final balance owed on the account. The above referenced documentation was sufficient to establish LVNV's ownership of appellant's credit card account. *See Ohio Receivables, L.L.C. v. Ryan*, 2012-Ohio-3270, ¶ 17-18 (10th Dist.) (finding similar information sufficient

to establish "that appellee own[ed] appellant's debt owed on the Chase account"). *Compare Harvest Credit Mgt. VII v. Ryan*, 2010-Ohio-5260, ¶ 17-20 (10th Dist.).

{¶ 25} Thus, the documents LVNV presented were sufficient to establish LVNV's ownership of, and appellant's default on, the credit card account ending in 9778. As such, LVNV met its initial burden under Civ.R. 56. The burden then shifted to appellant to demonstrate the existence of a genuine issue of material fact. However, appellant failed to respond to LVNV's motion for summary judgment, by affidavit or as otherwise provided in Civ.R. 56, setting forth specific facts demonstrating a genuine issue for trial. Indeed, appellant did not present any evidence demonstrating either that he did not use the credit card in question or that he objected to any of the charges on his account. *See Discover Bank v. Doran*, 2011-Ohio-205, ¶ 13 (10th Dist.) (noting the defendant failed to establish a genuine issue of material fact because her response to summary judgment "did not even include an affidavit denying that she owed the sums, [or] alleging that such sums were incorrect"); *Crown Asset Mgt., L.L.C. v. Gaul*, 2009-Ohio-2167, ¶ 10, fn. 1 (4th Dist.). Accordingly, the trial court did not err by granting LVNV's motion for summary judgment.

{¶ 26} Based on the foregoing, we overrule appellant's second and third assignments of error.

## IV. Conclusion

{¶ 27} Having overruled appellant's three assignments of error, we affirm the judgment of the Franklin County Municipal Court.

*Judgment affirmed.*

MENTEL and BOGGS, JJ., concur.

_____