OPINION
{¶ 1} Appellants, Mary Hamrick, [1] Roger Hamrick, and Marie Schooley (separately "the Hamricks" and "Schooley," and collectively "appellants"), filed this appeal seeking reversal of a judgment by the Franklin County Court of Common Pleas granting motions for summary judgment in favor of appellees, Allstate Insurance Company ("Allstate") and Safe Auto Insurance Company ("Safe Auto") (collectively "appellees").
 {¶ 2} On February 2, 2002, Mary Hamrick and Marie Schooley were passengers in an automobile owned by Schooley that was being driven by Donald Ward ("Ward"). The vehicle crossed the center line and struck a vehicle driven by Ryan Hartman ("Hartman"). Hartman, Hamrick, and Schooley all suffered injuries as a result of the collision. At the time, Schooley's vehicle was covered by an insurance policy issued by Safe Auto, which had policy limits of $25,000 per person and $50,000 per occurrence. Ward was covered by an insurance policy issued by Allstate, which also had limits of $25,000 per person and $50,000 per occurrence.
 {¶ 3} Schooley filed a personal injury action against Ward in Steuben County, Indiana on October 21, 2002. Subsequently, on May 21, 2003, another personal injury action was filed by the Hamricks. During the period of time between the filing of the two personal injury actions, Allstate and Safe Auto each filed interpleader actions in Steuben County, Indiana seeking to deposit their policy limits with the court and to have the court decide how to equitably divide the proceeds between all of the injured parties. The *Page 3 
Steuben County court allowed Allstate and Safe Auto to deposit the proceeds, at which point both insurance companies ceased to represent Ward in the action.
 {¶ 4} With the assistance of personally retained counsel, Ward confessed judgment in the amount of $775,000 in favor of the Hamricks, and in the amount of $1,450,000 in favor of Schooley. On the date Ward confessed judgment in favor of Schooley, Ward filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Northern District of Ohio. The Hamricks and Schooley were listed as creditors in the petition, and all filed proof of their claims in the bankruptcy action. Ward was discharged by the Bankruptcy Court on May 3, 2005, with the discharge including the judgment debts owed to the Hamricks and Schooley.
 {¶ 5} Ward, the Hamricks, and Schooley then filed this action in the Williams County Court of Common Pleas against Allstate and Safe Auto alleging, among other claims, bad faith failure by both insurance companies to adequately investigate, evaluate, and protect Ward against the excess judgments. The case was then transferred to the Franklin County Court of Common Pleas after a motion to transfer venue was filed. An amended complaint was subsequently filed naming Ericka Parker, Ward's bankruptcy trustee, as a plaintiff in Ward's place. The complaint alleged that Ward had assigned his rights to assert a bad faith claim to the Hamricks and Schooley.
 {¶ 6} After conducting some discovery, Allstate and Safe Auto filed separate motions for summary judgment based on the same grounds. In those motions, the insurance companies argued that: (1) there had been no valid assignment to the Hamricks and Schooley by Ward of his rights to assert bad faith against the insurance companies, such that the Hamricks and Schooley had no right to assert the claim; and (2) *Page 4 
assuming there had been a valid assignment, the Hamricks and Schooley could not establish damages due to the discharge of the judgments by the bankruptcy court. The trial court granted the motions for summary judgment.
 {¶ 7} After all other pending claims in the case were dismissed, appellants filed this appeal. Although not denoted as assignments of error, appellants set forth two arguments on appeal, which we will treat as assignments of error:
 I. A Valid Assignment Can Be Proven by Oral Testimony When Supported by Sufficient Writing to Demonstrate the Fundamentals of a Contract.
 II. An Insurer Who Acts in Outrageous Bad Faith Cannot Avoid an Excess Judgment Resulting from Its Bad Faith Failure to Settle Even When its Insured Avoids Personal Responsibility for the Excess Judgment Through Bankruptcy.
 {¶ 8} Essentially, appellants argue that the trial court erred when it granted summary judgment in favor of appellees. We review the trial court's grant of summary judgment de novo. Coventry Twp. v. Ecker
(1995), 101 Ohio App.3d 38. Summary judgment is proper only when the party moving for summary judgment demonstrates: (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, when the evidence is construed in a light most favorable to the nonmoving party. Civ. R. 56(C); State ex rel.Grady v. State Emp. Relations Bd., 78 Ohio St.3d 181, 183,1997-Ohio-221. We construe the facts in the record in a light most favorable to appellant, as is appropriate on review of a summary judgment. We review questions of law de *Page 5 
novo. Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm,73 Ohio St.3d 107, 108, 1995-Ohio-214, citing Ohio Bell Tel. Co. v. Pub. Util.Comm. (1992), 64 Ohio St.3d 145, 147.
 {¶ 9} Under summary judgment motion practice, the moving party bears an initial burden to inform the trial court of the basis for its motion, and to point to portions of the record that indicate that there are no genuine issues of material fact on a material element of the nonmoving party's claim. Dresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107. Once the moving party has met its initial burden, the nonmoving party must produce competent evidence establishing the existence of a genuine issue for trial. Id.
 {¶ 10} Appellees argued, and the trial court concluded, that appellants had failed to establish their right to file this action by their failure to offer proof that Ward validly assigned his rights to bring a claim of bad faith to appellants. An insurer's duty to act in good faith runs only from the insurer to its insured, not to third parties such as those injured by the insured. D.H. Overmyer TelecastingCo. v. American Home Assur Co. (1986), 29 Ohio App.3d 31. Thus, the parties agree that the only way appellants can maintain this action is if Ward validly assigned his rights as the insured to appellants.
 {¶ 11} In support of their motion for summary judgment, appellees argued that appellants had not provided any evidence in discovery establishing that Ward had validly assigned his rights to bring a claim of bad faith to appellants. In support of this argument, appellees attached appellants' response to a request for production of documents seeking a copy of the assignment, in which appellants responded by stating, "None in Plaintiff's possession other than those documents previously provided. Further documents have been requested * * * Reserve the right to supplement." Safe Auto's Motion for Summary Judgment, Exhibit E. *Page 6 
 {¶ 12} Appellees also pointed to deposition testimony provided by Mary Hamrick. During that deposition, a document was entered into evidence that purported to be a copy of the agreement whereby Ward assigned his rights to bring a bad faith claim to the Hamricks. (Hamrick depo., Exhibit 9.) However, the document was not signed by any of the parties. When questioned during the deposition about the purported agreement, the following testimony was offered:
 Q. You've been handed what has been marked as Defendant's Exhibit 9.
 A. Yes.
 Q. Have you ever seen that document before?
 A. Yes, yes.
 Q. And what's that document entitled?
 A. Assignment and convent (sic) —
 Q. Covenant?
 A. Yeah, to defer execution.
 Q. Okay. Do you know when you saw that document?
 A. No, I don't remember, but I've seen it.
 Q. All right. And you think you signed it?
 A. Yes. I mean, probably — some of this is probably stuffed in my paperwork somewhere, yes.
 MR. SMALLEY: You have paperwork?
 THE WITNESS: Yeah, somewhere. I think I've got a copy of it.
 MR. SMALLEY: Would you get me any paperwork you have? *Page 7 
 THE WITNESS: Sure. I have to dig it out, yeah, I've got some.
 * * *
 BY MR. HURLEY:
 Q. Okay. Do you — to the best of your recollection, this Exhibit 9, you think that you signed it, did Roger sign it, do you know?
 A. Had to have, I mean.
 THE WITNESS: Do you remember signing this? I remember seeing it, but —
 MR. HAMRICK: I don't remember.
 BY MR. HURLEY:
 Q. All right. I take it from that response —
 A. I'm pretty sure we signed it.
 Q. — that you don't know or you've never seen a document that shows Donald Ward's signature on it?
 A. With his signature?
 Q. Yeah.
 A. That part I can't tell you.
 Q. All right.
 A. But I — I think I signed it.
(Hamrick Depo., 28-31, parenthetical sic.)
 {¶ 13} In their memorandum contra appellees' motions for summary judgment, appellants attached an affidavit by Ward in which he stated:
 In December of 2004, I assigned to Maria Hamrick and Roger Hamrick all of my rights and claims against Allstate Insurance *Page 8 
Company and Safe Auto Mutual Insurance Company ("Insurers") existing by reason of the Insurer's breaches of contract and negligent performance of duties under the terms of the insurance policy(s) that resulted in the judgment in excess of the liability insurance in favor of the Hamricks arising from the accident on February 22, 2002, except that I expressly retained any and all of my rights and claims against the Insurers existing by reason of the infliction of emotional distress and damage and injury to my credit rating and reputation.
Appellants' memorandum contra, Exhibit A.[2]
 {¶ 14} The affidavit repeated this language in asserting that the assignment was also made to Schooley. Appellants argued that this affidavit and Hamrick's deposition testimony were sufficient to create a genuine issue of material fact regarding whether Ward had validly assigned his rights to appellants.
 {¶ 15} An assignment of contract rights is, itself, a contract, and thus, in order to establish an assignment, the elements of a contract must be present. Zenfa Labs, Inc. v. Big Lots Stores, Inc., 10th Dist. No. 02AP-691, 2003-Ohio-628. Those essential terms include mutual assent and consideration. Id., citing Nilavar v. Osborn (1998),127 Ohio App.3d 1. In addition, a plaintiff alleging the existence of a contract must show that there was a meeting of the minds, and that the contract was definite as to its essential terms. Id.
 {¶ 16} In this case, the purported assignment agreement that was introduced as an exhibit in Hamrick's deposition is not sufficient to establish the existence of a valid assignment. Although, the document arguably sets forth terms that would establish the *Page 9 
elements of a contract, no evidence was offered that the document was ever fully executed by all of the parties to it. Even were we to accept appellants' argument that the oral testimony by Hamrick in her deposition could be used to establish the existence of a genuine issue of material fact regarding whether the agreement was fully executed, Hamrick's testimony was equivocal on the question of whether the Hamricks signed the agreement, and could not address the question of whether Ward ever signed it, and thus would not be sufficient to show full execution.[3]
 {¶ 17} Nor is Ward's affidavit sufficient to establish the existence of a genuine issue of material fact regarding whether a valid assignment occurred. In the affidavit, Ward stated that he had assigned his rights, but the affidavit neither incorporated nor made reference to the purported agreement introduced in Hamrick's deposition as having been fully executed by all parties. Furthermore, although Ward stated that he had assigned his rights to both the Hamricks and Schooley, and identified as one specific term that he had reserved his rights to bring his own action for infliction of emotional distress and damage to his credit rating and reputation, no mention is made of any other specific terms, and no mention is made of the consideration that would have supported the establishment of a contract.
 {¶ 18} Consequently, appellants failed to meet their burden under Civ. R. 56 of showing the existence of a genuine issue of material fact regarding whether they had validly been assigned the right to bring this claim of bad faith against appellees. Thus, appellees were entitled to judgment as a matter of law. *Page 10 
 {¶ 19} Accordingly, appellants' first assignment of error is overruled.
 {¶ 20} Having determined that appellees were entitled to judgment as a matter of law on the issue of whether a valid assignment occurred, we need not address appellants' argument that the trial court erred when it found they could not establish damages on a claim of bad faith due to Ward's discharge of the excess judgments against him in bankruptcy. Thus, appellants' second assignment of error is overruled as moot.
 {¶ 21} Having overruled appellants' assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
McGRATH and TYACK, JJ., concur.
[1] In her deposition, Ms. Hamrick's first name was given as Marie rather than Mary. However, throughout the course of this case, the pleadings, including the notice of appeal, have listed her name as Mary. Therefore, we will continue to use the name Mary in referring to her.
[2] The affidavit attached to appellants' memorandum contra was neither signed by Ward nor notarized. However, appellants subsequently filed a signed and notarized copy of the affidavit as a supplement to their response.
[3] We also note that Hamrick's deposition testimony only addressed a possible assignment to the Hamricks, and therefore would not establish the existence of a genuine issue of material fact regarding an assignment to Schooley. *Page 1