[Cite as *LVNV Funding, L.L.C. v. Altahtamoni*, 2024-Ohio-2082.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| LVNV Funding LLC, | : | |
| Plaintiff-Appellee, | : | No. 23AP-633 |
| | | (M.C. No. 2022 CVF 017888) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Hasan Altahtamoni, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on May 30, 2024

**On brief:** *Stenger & Stenger*, *P.C.*, *Anthony J. Huspaska*, *Joseph M. Jammal*, *David B. Bokor*, *Gina M. Nennig*, and *Nathan J. Allen*, for appellee. **Argued:** *Nathan J. Allen*.

**On brief:** *Hasan Altahtamoni*, pro se.

APPEAL from the Franklin County Municipal Court

JAMISON, J.

{¶ 1} Defendant-appellant, Hasan Altahtamoni, appeals from a judgment of the Franklin County Municipal Court, in favor of plaintiff-appellee, LVNV Funding LLC ("LVNV"). For the following reasons, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On June 14, 2022, LVNV filed a complaint against appellant seeking recovery of an unpaid credit card debt, plus fees, and interest in the total amount of $1,500.79. On September 19, 2022, appellant filed a motion to compel arbitration pursuant to the credit card agreement. LVNV did not oppose the motion. On October 19, 2022, the trial court granted the motion, ordered the parties to proceed with arbitration, and removed the case from the active docket.

{¶ 3} In the next five months, neither party initiated arbitration. LVNV filed a motion to return the case to the trial court's active docket because appellant failed to initiate arbitration pursuant to the credit card agreement. Appellant filed a response to the motion alleging LVNV had the obligation to initiate arbitration but failed to do so. Appellant attached copies of two correspondence he sent to LVNV's counsel requesting they initiate arbitration.

{¶ 4} On April 3, 2023, the trial court granted LVNV's motion and placed the case on the active docket. After the trial court's ruling on the motion, LVNV filed a memorandum explaining that it was appellant's responsibility under the credit card agreement to initiate the arbitration. Therein, LVNV offered to mediate the dispute via the trial court's mediation program. LVNV attached a copy of the credit card agreement to the memorandum in support.

{¶ 5} On April 19, 2023, the trial court referred the case to mediation, but mediation proved unsuccessful.

{¶ 6} On June 2, 2023, LVNV moved the trial court for leave to file a motion for summary judgment instanter. The trial court granted LVNV's motion for leave on June 13, 2023. Appellant moved the trial court for an extension of time to respond to the motion for summary judgment due to a medical issue. On July 24, 2023, the trial court granted appellant's motion and gave appellant an additional 14 days to respond. On August 7, 2023, appellant filed a memorandum in opposition.

{¶ 7} On September 21, 2023, the trial court granted LVNV's motion for summary judgment in the amount of $1,500.79. The judgment entry provides as follows:

> This cause came to be heard upon Plaintiff's Motion for Summary Judgment. This Court finds the Motion to be well taken and it is therefore **ORDERED** that Plaintiff, LVNV Funding LLC, is granted judgment against Defendant, Hasan Altahtamoni, in the amount of $1,500.79, less payments of $.00, with interest thereon at the rate of 3% per annum from the date of Judgment, plus costs to date totaling $123.00 and post judgment costs of collection.

(Emphasis sic.) (Sept. 21, 2023 Jgmt. Entry at 1.)

{¶ 8} Appellant timely appealed to this court from the September 21, 2023 judgment. On February 15, 2024, appellant moved this court to strike LVNV's brief as

untimely filed. On March 1, 2024, this court issued a journal entry stating that appellant's motion to strike "shall be submitted to the court at such time as the court determines the merits of this appeal." (Mar. 1, 2024 Journal Entry at 1.)

## II. ASSIGNMENT OF ERROR

{¶ 9} Appellant assigns the following sole assignment of error for our review:

The trial court committed reversible error in granting summary judgment in favor of Plaintiff-Appellee where:

- Valid service of process was not accomplished under Ohio Rules;

- Plaintiff-Appellee failed to prosecute the case when it did not initiate arbitration;

- No discovery was conducted prior to summary judgment; and

- Material factual disputes remained unresolved.

## III. STANDARD OF REVIEW

{¶ 10} "Summary judgment under Civ.R. 56(C) may be granted only when there remains no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, that conclusion being adverse to the party opposing the motion." *Nalluri v. Jones*, 10th Dist. No. 19AP-779, 2020-Ohio-4280, ¶ 13, citing *Tokles & Son, Inc. v. Midwestern Indemn. Co.*, 65 Ohio St.3d 621, 629 (1992), citing *Harless v. Willis Day Warehousing Co., Inc.*, 54 Ohio St.2d 64 (1978). "The moving party cannot discharge its burden under Civ.R. 56 simply by making conclusory allegations that the nonmoving party has no evidence to prove its case." *Bremar v. Ohio Univ.*, 10th Dist. No. 20AP-513, 2022-Ohio-1382, ¶ 13, citing *Nalluri* at ¶ 13, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). Rather, the moving party must point to some evidence that affirmatively demonstrates the nonmoving party has no evidence to support each element of the stated claims. *Nalluri* at ¶ 13. " '[I]f the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.' " *Id.*, quoting *Dresher* at 293.

{¶ 11} "Appellate review of summary judgment is de novo." *Bremar* at ¶ 14; *Blank v. Bluemile, Inc.*, 10th Dist. No. 20AP-200, 2021-Ohio-2002, ¶ 15, citing *Hill v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 20AP-88, 2021-Ohio-561, ¶ 14, citing *Hudson v. Petrosurance, Inc.*, 127 Ohio St.3d 54, 2010-Ohio-4505, ¶ 29. " 'Thus, we conduct an independent review of the record and stand in the shoes of the trial court.' " *Hill* at ¶ 14, quoting *Nalluri* at ¶ 14, citing *Abrams v. Worthington*, 169 Ohio App.3d 94, 2006-Ohio-5516, ¶ 11 (10th Dist.). Our review permits no deference to the trial court's determination. *Zurz v. 770 W. Broad AGA, L.L.C.*, 192 Ohio App.3d 521, 2011-Ohio-832, ¶ 5 (10th Dist.); *White v. Westfall*, 183 Ohio App.3d 807, 2009-Ohio-4490, ¶ 6 (10th Dist.).

## IV. LEGAL ANALYSIS

### A. Motion to Strike

{¶ 12} Appellant moves this court for an order striking LVNV's untimely filed brief. App.R. 18(A) provides in relevant part as follows:

> [A]ppellant shall serve and file the appellant's brief within twenty days after the date on which the clerk has mailed the notice required by App.R. 11(B). The appellee shall serve and file the appellee's brief within twenty days after service of the brief of the appellant.

{¶ 13} Appellant filed his brief in this matter on November 20, 2023. LVNV did not file their brief until December 29, 2023, well beyond the time provided in App.R. 18(A). LVNV acknowledges that the brief was untimely but asks this court to retroactively grant it leave to file the brief untimely.

{¶ 14} App.R. 14(B) provides that "[f]or good cause shown, the court, upon motion, may enlarge * * * the time prescribed by these rules * * * for doing any act, or may permit an act to be done after the expiration of the prescribed time." LVNV's request for an extension of time fails to proffer any basis for this court to make a finding of good cause. Rather, LVNV simply argues that it will suffer prejudice if an extension is not granted.

{¶ 15} App.R. 18(C) sets out the consequence of failure to file briefs as follows:

> If an appellee fails to file the appellee's brief within the time provided by this rule, or within the time as extended, * * * in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action.

{¶ 16} Because LVNV failed to file their brief within the time required by App.R. 18(A) and has not demonstrated good cause for an extension of time, we grant appellant's motion, in part, as follows: In determining the appeal we shall accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action.[1]

### B. Assignment of Error

{¶ 17} Though appellant has asserted a single assignment of error, we perceive four distinct arguments. Accordingly, we shall consider each of appellant's arguments separately.

### 1. Service of Process

{¶ 18} Appellant first contends that LVNV failed to obtain valid service of process on appellant. We find appellant waived this argument by failing to timely assert it in the trial court.

{¶ 19} Civ.R. 12(H)(1), entitled "[w]aiver of defenses and objections" provides in relevant part as follows:

> A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process *is waived* (a) if omitted from a motion in the circumstances described in subdivision (G), or (b) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(A) to be made as a matter of course.

(Emphasis added.)

{¶ 20} Appellant did not assert a defense of lack of jurisdiction over the person, insufficiency of process, or insufficiency of service of process either in his motion under Civ.R. 12 or in his answer to the complaint. Consequently, appellant waived any argument based on the lack of jurisdiction over the person, insufficiency of process, or insufficiency of service of process by failing to timely raise it in the trial court. *Fields v. Stange*, 10th Dist. No. 03AP-48, 2004-Ohio-1134, ¶ 9. Appellant is also precluded from raising that argument in this appeal. *Id.*

---

[1] This court permitted LVNV to participate in oral argument notwithstanding the untimely filed brief.

{¶ 21} Moreover, the record establishes a summons and compliant was served on appellant at his residence, pursuant to Civ.R. 4.1(A)(1)(a), as evidenced by a return receipt signed by a person at that address on June 28, 2022.

**2. Discovery**

{¶ 22} Appellant next contends the trial court prematurely granted the motion for summary judgment because no formal discovery had been conducted. We disagree.

{¶ 23} Civ.R. 56(A) provides as follows:

> A party seeking to recover upon a claim, * * * may move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part of the claim * * *. A party may move for summary judgment at any time after the expiration of the time permitted under these rules for a responsive motion or pleading by the adverse party[.]

{¶ 24} Appellant argues that the absence of discovery prevented him from obtaining the evidence he needed to challenge either the existence of unpaid credit card debt or the validity of the assignment. Though appellant moved the trial court, pursuant to Civ.R. 6(C), for an extension of time to respond to LVNV's motion for summary judgment, the record does not reveal appellant served any discovery requests on LVNV. Nor did appellant avail himself of Civ.R. 56(F), which provides as follows:

> Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just.

{¶ 25} The Supreme Court of Ohio has "repeatedly declared that 'pro se litigants * * * must follow the same procedures as litigants represented by counsel.' " *State ex rel. Neil v. French*, 153 Ohio St.3d 271, 2018-Ohio-2692, ¶ 10, quoting *State ex rel. Gessner v. Vore*, 123 Ohio St.3d 96, 2009-Ohio-4150, ¶ 5. " ' "It is well established that *pro se* litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel." ' " *Id.*, quoting *State ex rel. Fuller v. Mengel*, 100 Ohio St.3d 352, 2003-Ohio-6448, ¶ 10, quoting *Sabouri v. Ohio Dept. of Job & Family Servs.*, 145 Ohio App.3d 651, 654 (10th Dist.2001).

**{¶ 26}** Appellant complains that "[t]he case proceeded to summary judgment without the parties conducting any formal discovery beyond initial disclosures." (Appellant's Brief at 5.) The record shows, however, the alleged failure of discovery is not the fault of LVNV or the trial court.

### 3. Failure to Arbitrate

**{¶ 27}** Appellant next contends that summary judgment was improper because LVNV failed to initiate arbitration pursuant to the trial court order and the requirements of the parties' agreement. We disagree.

**{¶ 28}** R.C. 2711.01(A) provides in pertinent part that "[a] provision in any written contract, * * * to settle by arbitration a controversy that subsequently arises out of the contract, or out of the refusal to perform the whole or any part of the contract, * * * *shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract.*" (Emphasis added.) Under R.C. 2711.02(B), "[i]f any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement * * * *shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration.* (Emphasis added.) R.C. 2711.02(C) further provides that "an order * * * that grants or denies a stay of a trial of any action pending arbitration, *including, but not limited to, an order that is based upon a determination of the court that a party has waived arbitration under the arbitration agreement*, is a final order and may be reviewed * * * on appeal pursuant to the Rules of Appellate Procedure." (Emphasis added.)

**{¶ 29}** As previously noted, the trial court granted appellant's motion to compel arbitration and removed the case from the active docket. The trial court's order is silent as to which party has the obligation to initiate arbitration and the date by which arbitration is to be initiated. The credit card agreement provides in relevant part as follows:

### Arbitration Agreement

* * *

This agreement to arbitrate provides that you or we can require controversies or disputes between us to be resolved by BINDING ARBITRATION. * * *

**Agreement to Arbitrate**: *You and we agree that either you or we may, without the other's consent, require that controversies or disputes between you and us (all of which are called "Claims"), be submitted to mandatory, binding arbitration.* * * *

For purposes of this agreement to arbitrate, "you" includes you, * * * and "we" or "us" includes Credit One Bank, N.A., all of its parents, subsidiaries, affiliates, successors, predecessors, employees, and related persons or entities, and all third parties who are regarded as agents or representatives of us in connection with the subject matter of the claim or dispute at issue.

* * *

**Initiation of Arbitration**: The arbitration shall be administered by the American Arbitration Association ("AAA") before a single arbitrator under the AAA's Consumer Arbitration Rules, or by a mutually agreeable administrator, before a single arbitrator, as modified by this arbitration provision. Information about the arbitration process for AAA can be obtained from the AAA at www.adr.org. * * *

**Arbitration Procedures and Applicable Law; Offer of Settlement**: Unlike a lawsuit in state or federal court, arbitration is conducted by a private organization that specializes in alternative dispute resolution. Disputes in arbitration are decided by a neutral arbitrator instead of a judge or jury. You may represent yourself in arbitration, or you may be represented by a lawyer.

(Emphasis sic and added.)  (Apr. 6, 2023 Pls.'s Reply in Support of Mot. to Return Case to Active Docket, Ex. C at 7-8.)

{¶ 30} Under the plain language of the credit card agreement, either party may initiate an arbitration, as the "agreement to arbitrate" provides that appellant may, without LVNV's consent, require that controversies or disputes be submitted to mandatory, binding arbitration.  The plain language in the credit card agreement pertaining to the "Fees and Costs," of arbitration also provides as follows:

> We [creditor] will pay any costs that are required to be paid by us under the arbitration administrator's rules of procedure. *If you* [debtor] *file the arbitration, you will pay your share of the initial filing fee, unless you seek and qualify for a fee waiver under the applicable rules of the arbitration administrator.* The party filing an appeal shall be responsible for all filing fees and costs of the appeal unless prohibited by administrator's rules of procedure. All parties are responsible for their own attorney's fees, expert fees and any other expenses, unless the arbitrator awards such fees or expenses to you or us if allowed by applicable law.

(Emphasis added.) *Id*. at 9.

{¶ 31} It is clear from the credit card agreement that either party may initiate arbitration of claims, but if the cardholder initiates the arbitration, the cardholder may be responsible for a share of arbitration fees and costs. The credit card agreement also directs the parties to a specific dispute resolution website for information about the arbitration process. Because the claim is less than $10,000, appellant had the exclusive right to "choose whether the arbitration will be conducted solely on the basis of documents, in a telephonic hearing, or in an in-person hearing." *Id*. at 9.

{¶ 32} In *Wells Fargo Fin. Natl. Bank v. Douglas*, 2nd Dist. No. 24349, 2011-Ohio-3739, a credit card issuer filed an action seeking recovery of a debt owed under the credit card debtor's credit card account. The Municipal Court granted the debtor's motion to compel arbitration and stayed further proceedings pending arbitration. The order stated in relevant part:

> *The Plaintiff shall initiate the arbitration* and the parties shall arbitrate this dispute in accordance with the terms set forth in the credit card agreement.
>
> * * * Plaintiff shall provide this court with a report describing the status of the arbitration every ninety (90) days until arbitration is complete.

(Emphasis added.) *Id*. at ¶ 2-3.

{¶ 33} The creditor subsequently moved the Municipal Court to reactivate the case because the debtor failed to initiate arbitration pursuant to the credit card agreement. The Municipal Court granted the creditor's motion, placed the matter back on the court's active docket, and granted default judgment for the creditor.

{¶ 34} On appeal, the court found that the debtor properly elected arbitration pursuant to R.C. 2711.02(B) and the credit card agreement. The court noted, however, that the trial court's order compelling arbitration and staying the case specifically stated that the creditor was to initiate arbitration in accordance with the credit card agreement, notify the court of any scheduled arbitration, and provide the court with a status report every 90 days. *Id.* at ¶ 26. Because the trial court had ordered the creditor to initiate the arbitration, which it failed to do, the court of appeals held that trial court erred in reactivating the case and ruling on the motion for default judgment. *Id.*

{¶ 35} Here, appellant

{¶ 36} ., 71 Ohio St.3d 362, 368 (1994). "An arbitration provision in a contract may be waived either by express words or by necessary implication." *Griffith* at 751.

{¶ 37} Generally, the standard of review for a decision granting or denying a motion to stay proceedings pending arbitration is de novo. *Crosscut Capital, L.L.C. v. DeWitt*, 10th Dist. No. 20AP-222, 2021-Ohio-1827, ¶ 15. The appellate court, however, reviews a trial court's decision as to whether a party waived arbitration for an abuse of discretion. *Id.* The record in this case supports the conclusion that even though appellant moved the trial court to compel arbitration, appellant was unwilling to initiate arbitration on his own behalf. Appellant's correspondence to LVNV also demonstrates appellant expected LVNV to initiate arbitration even though moved the trial court to compel arbitration. The trial court granted appellant's motion and stayed the case pending arbitration. Unlike the trial court's order in *Douglas*, the Municipal Court's order compelling arbitration in this case is silent as to which party is to initiate arbitration proceedings and the time in which that party must do so. Under the credit card agreement either party may initiate arbitration. Appellant did not appeal the October 19, 2022 judgment and has not argued, in this appeal, that the trial court abused its discretion by failing to order LVNV to initiate arbitration.

{¶ 38} "The right to arbitration, * * * just like any other contractual right, may be waived." *Griffith v. Linton*, 130 Ohio App.3d 746, 751 (10th Dist.1998). " 'Waiver as applied to contracts is a voluntary relinquishment of a known right.' " *Id.*, quoting *The White Co. v. The Canton Transp. Co.*, 131 Ohio St. 190 (1936), paragraph one of the syllabus; *State ex rel. Ryan v. State Teachers Retirement Sys*nothing in the trial court's order and nothing in

the credit card agreement required LVNV to do so.  Under the credit card agreement, a waiver may result if appellant delays in asserting his contractual rights.[2]

{¶ 39} Based on the foregoing, we cannot say that the trial court abused its discretion when it reactivated the case and proceeded to rule on LVNV's motion for summary judgment.

### 4. Genuine Issues of Material Fact

{¶ 40} Appellant next contends the trial court erred when it granted summary judgment to LVNV because genuine issues of material fact remain to be decided.  We disagree.

{¶ 41} "Pursuant to Ohio law, credit card agreements are contracts in which issuing and using a credit card create a legally binding agreement." *Ohio Receivables, L.L.C. v. Dallariva*, 10th Dist. No. 11AP-951, 2012-Ohio-3165, ¶ 14, citing *Bank One, Columbus, N.A. v. Palmer*, 63 Ohio App.3d 491, 493 (10th Dist.1989).  "To prove a breach of contract claim, a plaintiff must demonstrate the existence of a contract, plaintiff's performance, defendant's breach, and damage or loss to the plaintiff." *Id.*, citing *Discover Bank v. Poling*, 10th Dist. No. 04AP-1117, 2005-Ohio-1543, ¶ 17.

{¶ 42} " 'An assignment of contract rights is, itself, a contract, and thus, in order to establish an assignment, the elements of a contract must be present.' " *Mid Am. Constr., L.L.C. v. Univ. of Akron*, 10th Dist. No. 18AP-846, 2019-Ohio-3863, ¶ 79, quoting *Hamrick v. Safe Auto Ins. Co.*, 10th Dist. No. 08AP-734, 2009-Ohio-1380, ¶ 15, citing *Zenfa Labs, Inc. v. Big Lots Stores, Inc.*, 10th Dist. No. 02AP-691, 2003-Ohio-628.  " 'Those essential terms include mutual assent and consideration.' " *Id.*, quoting *Hamrick* at ¶ 15, citing *Zenfa Labs, Inc.*, citing *Nilavar v. Osborn*, 127 Ohio App.3d 1 (2d Dist.1998).

{¶ 43} Pursuant to Civ.R. 56(A), "[a] party seeking to recover upon a claim * * * may move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part of the claim, counterclaim, cross-claim, or declaratory judgment action." Civ.R. 56(E) provides that "[s]upporting * * * affidavits shall be made on personal knowledge, *shall set forth such facts as would be admissible in evidence*, and shall show

---

[2] The applicable waiver provision in the credit card agreement provides: "**No Waiver**: We [creditor] will not lose our rights under this Agreement because we delay or do not enforce them." (Emphasis sic.) (Apr. 6, 2023 Pls.'s Reply in Support of Mot. to Return Case to Active Docket, Ex. C at 10).

affirmatively that the affiant is competent to testify to the matters stated in the affidavit." (Emphasis added.)

{¶ 44} Appellant claims that LVNV failed to produce admissible evidence to support either the existence of the credit card debt or a valid assignment of the debt to LVNV. We disagree.

{¶ 45} In support of summary judgment, LVNV produced the affidavit of the current owner of LVNV to establish appellant's credit card debt and LVNV's ownership of the debt. Rudy Hernandez, authorized representative for LVNV, averred in relevant part as follows:

> 3. Based on the business records maintained on account ************8491 and its corresponding receivables (hereinafter the "Account"), which are a compilation of the information provided upon acquisition and information obtained since acquisition, the Account was originated on 06/05/2017 by Credit One Bank, N.A. and represents a valid obligation of Hasan Altahtamoni.
>
> 4. Plaintiff is the current owner of the Account. Plaintiff's business records indicate that subsequent to the Account's origination other owners of the Account included:
>
> MHC Receivables, LLC and FNBM, LLC
> Sherman Originator III LLC
> Sherman Originator LLC
>
> 5. On 09/15/2020 all ownership rights in the Account were assigned to, transferred to and became vested in Plaintiff, including the right to collect the current balance owing of $1,500.79 plus any legally permissible interest.

(June 13, 2023 Mot. for Summ. Jgmt., Ex. A.)

{¶ 46} LVNV also produced the affidavit of LVNV's records custodian, Chelsea Hudson, who established the authenticity of the documents submitted by LVNV and their admissibility under the business records exception to the hearsay rule. Evid.R. 803(6). Hudson averred as follows:

> I am the custodian of records of LVNV Funding LLC. Attached hereto are 59 pages of records from LVNV Funding LLC. These said 59 pages of records are kept by LVNV Funding LLC in the regular course of business, and it was the regular course of business of LVNV Funding LLC to receive records from prior creditors or for an employee or representative of LVNV

Funding LLC, with knowledge * * * to make the record or to transmit information thereof to be included in such record; and the record was made at or near the time or reasonably soon thereafter. The records attached hereto are the original or exact duplicates of the original.

(Mot. for Summ. Jgmt., Ex. B.)

{¶ 47} In our view, the affidavits and documentation provided by LVNV met its burden of production as to the existence of the credit card debt and LVNV's ownership rights.   Civ.R. 56(E) requires the party opposing a motion for summary judgment to respond as follows:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.

{¶ 48} Appellant did not produce any evidence in opposition to LVNV's motion for summary judgment.  Appellant merely claimed that LVNV's evidence was inadmissible and thus, insufficient to warrant judgment in its favor.  The evidence LVNV submitted in support of the motion for summary judgment was both admissible in evidence if produced at trial, and sufficient to establish the existence of the credit card debt and a valid assignment of contractual rights to LVNV.  Accordingly, we hold that the trial court did not err when it determined that there were no genuine issues of material fact for trial and LVNV was entitled to judgment, as a matter of law, on the breach of contract claim.

{¶ 49} Based on the foregoing, even if we accept appellant's statement of the facts and issues as correct, we must overrule appellant's assignment of error.

## V.  CONCLUSION

{¶ 50} Having overruled appellant's assignment of error, we affirm the judgment of the Franklin County Municipal Court.

*Judgment affirmed.*

DORRIAN and BOGGS, JJ., concur.

————————————